FU CHIN PRINTING COMPANY *et al.*, Plaintiffs-Appellees, *v.* LORD LABEL AND MANUFACTURING COMPANY, Defendant-Appellant.

Second District (2nd Division)   No. 76-127

Opinion filed August 10, 1976.—Rehearing denied September 8, 1976.

Elmer Michael Walsh, Jr., and Charles E. Purcell, both of Chicago, for appellant.

Dowling & Safanda, of St. Charles, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

By this appeal, defendant challenges an order reinstating the case for trial after defendant allegedly failed to institute arbitration proceedings as ordered by the court.

In March of 1975, plaintiff sued defendant for breach of contract alleging damages in the amount of $100,000. Defendant answered and counterclaimed alleging it was damaged in the amount of $10,000 by plaintiff's breach. After certain discovery procedures, the court conducted a pretrial conference. On January 22, 1976, just prior to the case being set for jury trial on a day certain, defendant moved for an order directing the dispute to arbitration pursuant to a provision of the joint venture agreement between the parties. On the same day, the court granted defendant's motion and ordered defendant to institute arbitration proceedings within 14 days. It further ordered all action in the cause be stayed for 14 days and, if defendant complied with the order, all action be

stayed pending the conclusion of the arbitration proceedings. On January 30, 1976, defendant submitted a demand for arbitration to the American Arbitration Association (AAA). Defendant used a printed form supplied by the AAA and a copy was served on plaintiff's counsel. In describing the nature of the dispute, defendant alleged only those facts which supported its claim that plaintiff had breached the contract, but referred to and attached copies of all the pleadings filed in the circuit court including plaintiff's complaint and reply to defendant's answer and counterclaim. In its demand, defendant alleged damages amounting to $10,000. Two days later, plaintiff's attorney acknowledged receipt of the demand for arbitration and requested the AAA to consider the complaint filed in the circuit court to be its answering statement and claim for relief. On February 16, the AAA, in a letter to plaintiff's counsel, advised that the complaint demanded damages of $100,000 for which the filing fee was $1350, and, on February 22, plaintiff's counsel received an invoice for that amount. Four days later, plaintiff moved to reinstate and set the action for trial, alleging that the defendant had failed to submit the entire dispute for arbitration as ordered by the court. Specifically, plaintiff alleged that while defendant submitted its claim to arbitration, it did not submit plaintiff's claim. This motion was granted, the trial court holding that defendant had "* * * failed to proceed with arbitration of the controversies of the plaintiff herein complained of, and has failed to comply with the prior order of this Court allowing 14 days to proceed with said arbitration."

Defendant appeals contending that (1) it complied with the court order directing defendant to initiate arbitration, and (2) procedural questions relating to a matter in arbitration must be addressed to the arbitrator. In support of its first argument, defendant contends that, although it had no duty to initiate arbitration of plaintiff's claim, it did, in fact, submit plaintiff's claim by incorporating in its demand for arbitration all pleadings in the case. Defendant also contends that any defect in initiation of arbitration was cured by plaintiff's attorney submitting its claims by reference to the identical court pleadings.

In its motion seeking arbitration, defendant alleged that its request for arbitration was pursuant to section 20 of the parties' contract. Section 20 provides as follows:

> "*All* disputes, questions, controversies, claims or differences arising between the parties hereto or in relation to or in connection with this Agreement or for breach thereof shall be finally settled by arbitration in the United States pursuant to the Rules of the American Arbitration Association * * *." (Emphasis added.)

In granting defendant's motion and staying all actions in the case, the

court contemplated that the entire matter was to be submitted to arbitration as the defendant had requested in its motion. By its own device, therefore, defendant not only assumed but actively sought the obligation of submitting all disputes to arbitration. Defendant is in a poor position to maintain that it had no duty to submit plaintiff's case, an important portion of the dispute, to arbitration.

Similarly spurious is defendant's next argument that it did submit plaintiff's claim to arbitration. Defendant's demand for arbitration described only its claim against plaintiff and sought damages of $10,000. Section 47 of the AAA rules states in pertinent part:

> "The administration fees *shall be advanced by the initiating party* * * *, subject to final apportionment by the Arbitrator in his award." (Emphasis added.)

The rules further provide:

> "The administrative fee of the AAA is based upon the amount of each claim as disclosed when the claim is filed, and is due and payable at the time of filing."

Defendant submitted the fee of $300, the amount due under the AAA fee schedule for defendant's claim of $10,000, and concedes that plaintiff was billed $1350 for its claim of $100,000. Had defendant submitted plaintiff's claim, as it now contends, defendant would have been responsible for paying the arbitration fee commensurate with plaintiff's claim, subject to apportionment by the arbitrator. The facts that defendant was not billed for and did not pay the $1350 for plaintiff's claim conclusively show that defendant never submitted plaintiff's claim to arbitration.

Defendant's third point is that plaintiff cured any defect in the initiation of arbitration by submitting its claim to the arbitrator by reference to the identical court pleadings. The $1350 fee required by the AAA to arbitrate plaintiff's claim was never paid. Plaintiff's answer incorporating its claim was insufficient to cure defendant's defect in instituting arbitration absent payment of the arbitration fee. As a result, plaintiff's claim was not submitted to arbitration and, therefore, the trial court's order was not complied with within the 14 days ordered.

Defendant argues that whether it properly instituted proceedings with the AAA was a question to be determined by the arbitrator. We disagree. Since defendant never instituted arbitration of the entire case as ordered, the matter was never placed before the arbitrator.

Defendant has misconstrued the real issue: whether it complied with the court order, a determination appropriately made by the court. Quite simply, defendant had a right to arbitration under the parties' contract, and was given leave to exercise that right 10 months after suit was commenced so long as it acted within 14 days. By its failure to execute its

right in accordance with the order of the court, defendant waived arbitration.

We find that the trial court committed no error in reinstating the cause for trial.

Judgment affirmed, cause remanded for further proceedings.

RECHENMACHER and DIXON, JJ., concur.